# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3122 | **DATE** | 9/20/2000 |
| **CASE TITLE** | NORTHERN BORDER PIPELINE CO. vs. 64.111 ACRES OF LAND, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 10/12/00 at 9:15 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Northern Border Pipeline Company's motion to appoint a commission to determine the issues of just compensation is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 22 2000 | 91 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | FILED FOR DOCKETING 00 SEP 20 PM 4:24 date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

NORTHERN BORDER PIPELINE )
COMPANY, )
 )
      Plaintiff, )
 )
v. ) No. 00 C 3122
 ) Paul E. Plunkett, Senior Judge
64.111 ACRES OF LAND, more or )
less, in Will County, Illinois, DONALD )
A. Werner, et al., and Unknown Others, )
 )
      Defendants. )

DOCKETED
SEP 22 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff, Northern Border Pipeline Company, has filed this suit for condemnation pursuant to the Natural Gas Act, 15 U.S.C. § 717, et seq. and a Certificate of Public Convenience and Necessity granted to it by the Federal Energy Regulatory Commission. Plaintiff has filed a Federal Rule of Civil Procedure ("Rule") 71A motion to appoint a commission to determine the issues of just compensation, which defendants oppose. For the reasons set forth below, plaintiff's motion is granted.

## Discussion

Plaintiff filed this condemnation action pursuant to the Natural Gas Act ("NGA"), which permits:

> any holder of a certificate of public convenience and necessity . . . [to] acquire [property] by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts. The practice and procedure in any action or proceeding for that purpose in the district court of the United States shall conform as nearly as may be with the practice and procedure in similar action or proceeding in the courts of the State where the property is situated: Provided, That the United States district courts shall only have jurisdiction of cases when the amount claimed by the owner of the property to be condemned exceeds $3,000.

15 U.S.C. § 717f(h). Rule 71A, which sets forth the procedures to be followed in condemnation actions under federal law, provides that:

> any party may have a trial by jury of the issue of just compensation by filing a demand therefor . . . unless the court in its discretion orders that, because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice, the issue of compensation shall be determined by a commission of three persons appointed by it.

FED. R. CIV. P. 71A(h). Defendants assert that the NGA, which requires condemnation proceedings to conform to state "practice and procedure," takes precedence over Rule 71A. Because Illinois law guarantees the right to a jury trial on the issue of just compensation, defendants contend that they must receive one in this case as well.[1]

The Seventh Circuit has not had occasion to reconcile the conflict between the NGA and Rule 71A. But there is a Eleventh Circuit case that addresses the issue head on. In <u>Southern Natural</u>

---

[1] Defendants also assert that Rule 71A(k) requires the Court to provide a jury trial if "state law makes provision for trial of any issue by jury." (Defs.' Resp. Mot. Appoint Commission at 2.) Rule 71A(k), however, concerns "actions involving the exercise of the power of eminent domain under the law of a state," not under federal law like the NGA.

-2-

Gas Co. v. Land, Cullman County, 197 F.3d 1368 (11th Cir. 1999), the district court appointed a commission to determine just compensation for land condemned pursuant to the NGA. Two of the affected landowners appealed, contending that the commission procedure violated their right to a jury trial guaranteed by the NGA. The Eleventh Circuit held that Rule 71A supersedes the NGA because: (1) more recent statutes prevail over older ones when the two irreconcilably conflict; and (2) the Supreme Court stated, in two analogous cases, that Rule 71A superseded similar provisions of other eminent domain statutes. Id. at 1373-75; see United States v. 93.970 Acres of Land, 360 U.S. 328, 333 n.7 (1959) (stating that to the extent 50 U.S.C. § 171 (1918) required condemnation proceedings to conform to state procedures "it was clearly repealed by Rule 71A."); Kirby Forest Indus., Inc. v. United States, 467 U.S. 1, 4 n.2 (1984) (noting that condemnation proceedings pursuant to 40 U.S.C. § 257 were governed by Rule 71A, though the statute originally required such suits to "conform, as near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State in which the suits were instituted.") (internal quotation marks and citation omitted).

We agree with the Eleventh Circuit that Rule 71A, not the NGA, governs the procedures in this case. Though repeals by implication are disfavored, they are, as the Supreme Court has recognized, appropriate when the provisions of two statutes hopelessly conflict. Morton v. Mancari, 417 U.S. 535, 549 (1974). Such is the case here. The NGA directs us to use state practices and procedures, which would require a jury trial on the issue of compensation, while Rule 71A gives us the discretion to appoint a commission and dispense with a jury trial in appropriate cases. The only way to reconcile these statutes, as the Eleventh Circuit concluded in Southern Natural Gas and the Supreme Court suggested in 93.970 Acres of Land and Kirby Forest Industries, is to interpret Rule

71A as having implicitly repealed the "practices and procedures" provision of the NGA. Moreover, doing so effectuates the Advisory Committee's intent to standardize procedures for federal condemnation suits. See FED. R. CIV. P. 71A (a) advisory committee's note ("The purpose of rule 71A is to provide a uniform procedure for condemnation in the federal district courts...."). Thus, we are empowered, pursuant to Rule 71A, to appoint a commission to determine the issue of just compensation in this case.

The next issue we must decide is whether it is appropriate to appoint a commission in this case. Rule 71A permits us to do so if "the character, location, or quantity of the property to be condemned, or . . . other reasons in the interest of justice" warrant it. FED. R. CIV. P. 71A(h). Plaintiff seeks to condemn sixteen tracts of land located as much as 100 miles away in Will County, Illinois. (See Compl., Group Ex. 2; Pl.'s Reply Mot. Appoint Commission at 2.) As a result, jury trials in this Court would cause the landowners "great inconvenience, in that [they] must hire counsel outside of their home area and must travel further at [sic] attend proceedings."[2] (Defs.' Resp. Mot. Appoint Commission at 2.) A commission, however, can schedule hearings near the property, which would eliminate much of the inconvenience for the landowners, and give the commissioners easy access to the tracts in dispute. Moreover, the compensation issues can be resolved more consistently and expeditiously by a commission of experts in the fields of land valuation and eminent domain than they can be by sixteen separate lay juries. Finally, appointing a commission to determine the compensation issues serves the interests of judicial economy by obviating the need for a sixteen jury trials or, as defendants suggest, one enormous, consolidated trial for all sixteen tracts.

---

[2]Defendants made this argument in the context of a request that we remand this suit to state court. (See Defs.' Resp. Mot. Appoint Commission at 2-3.) We have no basis for doing so, however, as plaintiff has properly invoked our subject matter jurisdiction pursuant to the NGA.

## Conclusion

For the reasons set forth above, Northern Border Pipeline Company's motion to appoint a commission to determine the issues of just compensation is granted.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: 9-20-00