Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3122 | **DATE** | 11/22/2000 |
| **CASE TITLE** | NORTHERN BORDER PIPELINE CO. vs. 64.111 ACRES OF LAND, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion for an order awarding it possession of the condemned easements as of 4/1/01 for the purpose of allowing all preconstruction and construction activities is granted. Plaintiff is ordered to post a cash bond in the amount of $461,000.00 with the Clerk of the Court at least 45 days before 4/1/01, as security for any damage defendants may suffer from plaintiff's early possession of their land and for the awards of just compensation that will be made in this case. The Clerk of the Court is ordered to hold the bond amount deposited by plaintiff in an interest bearing account.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 27 2000 date docketed | |
| | Docketing to mail notices. | | | 107 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 NOV 22 PM 2:37 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTHERN BORDER PIPELINE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>64.111 ACRES OF LAND, more or )<br>less, in Will County, Illinois, DONALD )<br>A. WERNER, et al., and Unknown )<br>Others, )<br>)<br>Defendants. ) | DOCKETED<br>NOV 27 2000<br><br>No. 00 C 3122<br>Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

On August 22 and September 20, 2000, respectively, the Court entered judgment of condemnation for plaintiff on the tracts of land at issue in this suit. Plaintiff now seeks an order awarding it possession of that property as of April 1, 2001. For the reasons set forth below, plaintiff's motion is granted.

### Discussion

As the parties agree, plaintiff has no statutory right to immediate possession of the subject property. Rather, its request is addressed to the Court's equitable powers. The relief plaintiff seeks is in the nature of a preliminary injunction. Northern Border Pipeline Co. v. 86.72 Acres of Land,

-1-

107

144 F.3d 469, 471 (7th Cir. 1998). Plaintiff is entitled to such relief if: (1) he has no adequate remedy at law or he will suffer irreparable harm if the injunction does not issue; (2) he has some likelihood of success on the merits; (3) the balance of harms favors him; and (4) the public interest, if any, favors the injunction. Roland Machinery Co. v. Dresser Indus., Inc., 749 F.2d 380, 386-88 (7th Cir. 1984). There is an inverse relationship between the degree of proof plaintiff must present on the second and third factors: "The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." Id. at 387.

Plaintiff easily satisfies the standard for obtaining an injunction. Plaintiff became entitled to possession of the property in September 2000, when we entered judgment of condemnation in its favor on the last disputed tract. Thus, it is virtually certain that plaintiff will succeed on the merits. In addition, the balance of harms in this case weighs heavily in its favor. If plaintiff is not awarded immediate possession, the construction of its pipeline extension will be delayed, resulting in increased construction costs. (See generally Paul Fuhrer Aff.) Plaintiff cannot recover those costs from the defendants in this or any other proceeding, making its harm irreparable. By contrast, plaintiffs have not identified any harm they will suffer if plaintiff is awarded early possession of their property. Moreover, plaintiff can pay defendants for any harm they may suffer, and will ensure defendants' recovery by posting a bond. Finally, granting plaintiff immediate possession of the property is in the public interest as it will enable the gas companies that serve the Chicago and northern Indiana markets "to meet the requirements of the 2001 winter heating season" in those areas. (Id. ¶ 4.)

The situation in this case is markedly different from that in Northern Border Pipeline Co. v. 86.72 Acres of Land, 144 F.3d 469, 471 (7th Cir. 1998). In that case, the Seventh Circuit affirmed the district court's denial of an order for immediate possession because the plaintiff did not have "a preexisting entitlement to the defendants' land." Id. at 472. In this case, however, plaintiff does have a preexisting entitlement to the easements, the judgments of condemnation, which make an award of possession appropriate.

The only remaining issue is the amount of the bond plaintiffs must post before taking possession. Plaintiffs assert that a bond in the amount of $461,000.00, which is five times the total value of the easements as determined by their experts, is adequate. Defendants contend that plaintiff's suggested bond amount "fails to account for the vast differences in the opinions as to fair market value and totally ignores values ascribed to damage to the remainder issues," but they do not propose an alternative amount. (Defs.' Resp. Pl.'s Mot. Order Awarding Possession at 4.) Having failed to substantiate their general objections to plaintiff's proposed bond or to propose an alternative bond amount, the Court orders that plaintiff post a bond in the amount of $461,000.00. However, if defendants are able, at some future point, to demonstrate to the Court that the bond is inadequate, they may bring a motion to increase it.

## Conclusion

For the reasons set forth above, Northern Border Pipeline Company's motion for an order awarding it possession of the condemned easements as of April 1, 2001 for the purpose of allowing all preconstruction and construction activities is granted. Plaintiff is ordered to post a cash bond in the amount of $461,000.00 with the Clerk of the Court at least forty-five (45) days before April 1,

2001, as security for any damage defendants may suffer from plaintiff's early possession of their land and for the awards of just compensation that will be made in this case. The Clerk of the Court is ordered to hold the bond amount deposited by plaintiff in an interest bearing account.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: 11-22-00